*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★        ★ ★ ★

# MEMORANDUM OPINION

Nos. 04-09-00664-CR & 04-09-00665-CR

Charles **PENA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court Nos. 292745 & 292744
Honorable Brenda Chapman, Judge Presiding

PER CURIAM

Sitting:       Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Marialyn Barnard, Justice

Delivered and Filed: December 16, 2009

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence on August 5, 2009, and appellant did not file a timely motion for new trial. The deadline for filing a notice of appeal was therefore due September 5, 2009. *See* TEX. R. APP. P. 26.2(a)(1). The notice of appeal was not filed until September 21, 2009, and the clerk's record shows the notice of appeal was not deposited in the mail before the last day for filing.

In fact, the notice of appeal shows it was not completed until September 5, 2009, the day after it was due. No motion for extension of time to file the notice of appeal was filed. *See* TEX. R. APP. P. 26.3.

On November 3, 2009, we ordered appellant to show why this appeal should not be dismissed for want of jurisdiction. On December 3, 2009, appellant filed a response in which he admits the notice of appeal was untimely, and for the first time seeks an extension of time to file the notice of appeal. A motion to extend time to file a notice of appeal must be filed in this court within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. Here, the motion to extend time to file the notice of appeal had to be filed on or before September 21, 2009, but was not filed until December 3, 2009. *See id.*

Because neither the notice of appeal nor the motion to extend time to file the notice of appeal was timely filed, we lack jurisdiction to entertain the appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions); *see also* TEX. R. APP. P. 26.3. Accordingly, we dismiss the motion for extension of time and the appeal for want of jurisdiction.

PER CURIAM

Do not publish